UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUTH ANN KROHN, and<br>KENNETH MALCHISKY, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| THE STOP & SHOP SUPERMARKET<br>COMPANY LLC, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | February 28, 2020 |

## COMPLAINT

The plaintiffsRUTH ANN KROHN, and KENNETH MALCHISKY, through their attorneys, Patrick J. Filan, P.C. for their complaint against the defendant THE STOP & SHOP SUPERMARKET COMPANY LLC allege upon information and belief:

## NATURE OF THE ACTION

The plaintiff RUTH ANN KROHN brings this action against the defendant THE STOP & SHOP SUPERMARKET COMPANY LLC seeking damages for personal injuries caused by the defendant's violation of the Connecticut Product Liability Act, professional negligence, ordinary negligence, recklessness, and violation of Federal Consumer Product Safety Act,15 U.S.C. § 2072. The plaintiff KENNETH MALCHISKY, who is married to the plaintiff RUTH ANN KROHN also brings a derivative action for loss of consortium.

This action arises out of the defendants' error in misfilling of the plaintiff RUTH ANN KROHN's high blood pressure medication (Atenolol) at its pharmacy located in its Danbury, Connecticut store.  Plaintiffs' Complaint alleges that as a result of the

1

defendant's acts and omissions the plaintiff did not receive her prescribed blood pressure medication and erroneously received a gastrointestinal medication (Prevacid) instead.  As a result of the defendant's error the plaintiff took the improper medication and not her prescribed blood pressure medication and suffered a stroke with permanent, life-altering damages and consequences.

## PARTIES

1.  The plaintiff RUTH ANN KROHN is a resident of Danbury, Connecticut.

2.  The plaintiff KENNETH MALCHISKY is also a resident of Danbury, Connecticut and at all times herein alleged was married to the plaintiff RUTH ANN KROHN.

3.  The defendant THE STOP & SHOP SUPERMARKET COMPANY LLC ("STOP & SHOP") was and is a Delaware limited liability company, with a headquarters in Quincy, Massachusetts, that does business throughout the State of Connecticut including a retail store and pharmacy located at 44 Lake Avenue Extension Danbury, Connecticut.

## JURISDICTION AND VENUE

4.  This Court has diversity jurisdiction over this action pursuant to 28 U.S.C.§1332.

5.  Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1) and (2), as the unlawful conduct complained of herein took place within the District of Connecticut and both parties reside in the District.

## ALLEGATIONS

6.  For some time prior to March 2018 the plaintiff RUTH ANN KROHN had been diagnosed with high blood pressure.  Her condition was being managed medically with a prescription medication known as Atenolol, a beta blocker.

7.  At all times mentioned herein, the defendant STOP & SHOP was a retailer

engaged in the business of selling prescribed medication products to the public for their consumption.

8. At all times mentioned herein, the defendant STOP & SHOP including its agents, servants and/or employees had a duty to inspect and ensure that the prescriptions it filled were properly filled in accordance with the prescriptions submitted by medical providers before selling said prescriptions to its customers.

9. The plaintiff RUTH ANN KROHN had her prescriptions filled at the pharmacy at the defendant STOP & SHOP SUPERMARKET located pharmacy at 44 Lake Avenue Extension Danbury, Connecticut.

10. On or about March 10, 2018 the plaintiff KENNETH MALCHISKY went to the defendant's pharmacy to pick up the plaintiff RUTH ANN KROHN's prescription for Atenolol.

11. At that time and place the defendant STOP & SHOP acting through its employees, agents, and servants misfilled the plaintiff RUTH ANN KROHN's prescription by improperly placing Prevacid pills in the bottle intended for the plaintiff RUTH ANN KROHN, which bottle bore a label indicating that the medication Atenolol was inside.

12. Thereafter, the plaintiff RUTH ANN KROHN took the medication as prescribed.

13. In fact, however, because the defendant had improperly placed Prevacid pills in a bottle labelled as Atenolol, the plaintiff RUTH ANN KROHN was not taking her blood pressure medication, nor receiving the intended medical benefit thereof.

14. Subsequently the plaintiff RUTH ANN KROHN began developing headaches with radiation down her neck, visual impairment, and difficulties with word finding, speaking,

reading, and writing.

15. On or about April 11, 2018 the plaintiff was admitted to Danbury Hospital where her blood pressure was noted to be out of control and she was diagnosed with a cerebrovascular accident (CVA) or stroke.

16. The stroke was caused by the defendant's STOP & SHOP misfilling of the plaintiff's Atenolol prescription, the consequence of which was that the plaintiff went an extended period of time without any blood pressure medication.

17. As a direct result of the defendant's misfilling of the prescription the plaintiff suffered the following injuries, losses, and economic and non-economic damages:

    a. Cerebral vascular accident (CVA) and stroke;
    b. Brain damage;
    c. Bleeding into the brain;
    d. Aphasia and incoherent speech;
    e. Word finding difficulty;
    f. Impairment in mental and cognitive processing;
    g. Headaches;
    h. Uncontrolled hypertension;
    i. Visual impairment;
    j. Pain and suffering;
    k. Loss of the opportunity to carry and enjoy life's activities;
    l. Fear, anguish, pain, and emotional distress;
    m. Past and future medical and rehabilitative expenses;
    n. Lost wages; and
    o. Destruction of earning capacity.

**FIRST COUNT: Violation of the Connecticut Product Liability Act**

1. - 17. Paragraphs 1 through 17 are incorporated by reference herein with the same force and effect as if actually set forth in full.

18. The defendant STOP & SHOP is a "Product Seller" as defined by and

contemplated in the Connecticut Product Liability Act (CPLA), General Statutes section 52-572m(a).

19.     As a result of the defendant's acts and omissions in misfilling the plaintiff RUTH ANN KROHN'S prescription as hereinbefore alleged the defendant, STOP & SHOP is strictly liable to the plaintiff RUTH ANN KROHN for her injuries, losses, and damages hereinbefore alleged pursuant to the CPLA, General Statutes section 52-572m et seq.

**SECOND COUNT: Professional Negligence**

1. - 17.     Paragraphs 1 through 17 are incorporated by reference herein with the same force and effect as if actually set forth in full.

18.     The defendant's acts and omissions in misfilling the plaintiff RUTH ANN KROHN'S prescription as hereinbefore alleged were careless and negligent and constituted a departure from the standard of care to which reasonably prudent pharmacists were held in some or all of the following respects:

- a.   It filled and sold a prescription drug toan individual who was not prescribed that drug;
- b.   It failed to fill the prescription that had been prescribed for the plaintiff;
- c.   It failed to warn the plaintiff of the dangers of taking a drug that was not prescribed to her;
- d.   It misrepresented to the plaintiffthat the prescription was safe for her consumption;
- e.   It failed to enact and/or follow adequate rules and procedures to ensure that the correct prescriptions were being filled and provided to the correct patients such as the plaintiff;
- f.   It failed to properly train their agents, apparent agents, servants and/or employees to safely fill and provide prescription drugs to the public; and
- g.   It caused, permitted, and allowed inexperienced and untrained persons to fill the plaintiff's prescription.

**THIRD COUNT: Ordinary Negligence**

1. - 17.     Paragraphs 1 through 17 are incorporated by reference herein with the

same force and effect as if actually set forth in full.

18. In misfilling the plaintiff RUTH ANN KROHN'S prescription as hereinbefore alleged were careless and negligent in some or all of the following respects:

    a. It filled and sold a prescription drug to an individual who was not prescribed that drug;

    b. It failed to fill the prescription that had been prescribed for the plaintiff;

    c. It failed to warn the plaintiff of the dangers of taking a drug that was not prescribed to her;

    d. It misrepresented to the plaintiff that the prescription was safe for her consumption;

    e. It failed to enact and/or follow adequate rules and procedures to ensure that the correct prescriptions were being filled and provided to the correct patients such as the plaintiff;

    f. It failed to properly train their agents, apparent agents, servants and/or employees to safely fill and provide prescription drugs to the public; and

    g. It caused, permitted, and allowed inexperienced and untrained persons to fill the plaintiff's prescription.

**FOURTH COUNT: Recklessness**

1. - 17. Paragraphs 1 through 17 are incorporated by reference herein with the same force and effect as if actually set forth in full.

18. Pharmacies such as the defendant's handle and fill all manner and sorts of medications that are critically important to the health and well being of their customers.

19. At all times herein alleged the defendant knew that misfiling a prescription such as the plaintiff's could result in devastating, life altering injuries and consequences to its customers.

20. To prevent prescription misfillings and the potential for devastating, life altering injuries and consequences to its customers pharmacies such as the defendants are required

    a. to promulgate and enforce rules and guidelines to ensure and prevent

        prescription misfillings,

b.     maintain in place systems that assure the accuracy of the medications prescribed to the public,

c.     check the accuracy mediations sold to the public, and

d.     assure that prescriptions are properly filled.

21.    The defendant failed to fulfill these responsibilities and as a result caused, permitted and allowed the plaintiff's prescription to be misfilled.

22.    The defendant has in past made similar errors that resulted in misfiled prescriptions with resultant injuries to customers.

23.    In failing to fulfill these responsibilities in this case and in others in the past the defendant's acts and omissions constituted highly unreasonable and reckless conduct that involved a high degree of danger to the plaintiff and to its customers in general.

**FIFTH COUNT Violation of Federal Consumer Product Safety Act, 15 U.S.C. § 2072.**

1. - 17.    Paragraphs 1 through 17 are incorporated by reference herein with the same force and effect as if actually set forth in full.

18.    As a result of the defendant's acts and omissions in misfilling the plaintiff RUTH ANN KROHN'S prescription as hereinbefore alleged the defendant, STOP & SHOP is strictly liable to the plaintiff RUTH ANN KROHN for her injuries, losses, and damages hereinbefore alleged pursuant to the Consumer Product Safety Act, 15 U.S.C. § 2072.

**SIXTH COUNT: KENNETH MALCHISKY: Loss of Consortium**

1.-19.    Plaintiff hereby repeats and realleges paragraphs 1 through 19 of the FIRST COUNT as if actually set forth herein.

20.    At all times herein alleged the plaintiff KENNETH MALCHISKY was married to the plaintiff RUTH ANN KROHN and was entitled to her love, society, and services.

21. As a result of the defendant's acts and omissions as herein alleged, the plaintiff KENNETH MALCHISKY has been deprived of the love, society, and services of plaintiff RUTH ANN KROHN.

22. The plaintiff KENNETH MALCHISKY has been damaged thereby.

**SEVENTH COUNT: KENNETH MALCHISKY: Loss of Consortium**

1.-18. Plaintiff hereby repeats and realleges paragraphs 1 through 18 of the SECOND COUNT as if actually set forth herein.

19. At all times herein alleged the plaintiff KENNETH MALCHISKY was married to the plaintiff RUTH ANN KROHN and was entitled to her love, society, and services.

20. As a result of the defendant's acts and omissions as herein alleged, the plaintiff KENNETH MALCHISKY has been deprived of the love, society, and services of plaintiff RUTH ANN KROHN.

21. The plaintiff KENNETH MALCHISKY has been damaged thereby.

**EIGHTH COUNT: KENNETH MALCHISKY: Loss of Consortium**

1.-18. Plaintiff hereby repeats and realleges paragraphs 1 through 18 of the THIRD COUNT as if actually set forth herein.

19. At all times herein alleged the plaintiff KENNETH MALCHISKY was married to the plaintiff RUTH ANN KROHN and was entitled to her love, society, and services.

20. As a result of the defendant's acts and omissions as herein alleged, the plaintiff KENNETH MALCHISKY has been deprived of the love, society, and services of plaintiff RUTH ANN KROHN.

21. The plaintiff KENNETH MALCHISKY has been damaged thereby.

**NINTH COUNT: KENNETH MALCHISKY: Loss of Consortium**

1.-23.   Plaintiff hereby repeats and realleges paragraphs 1 through 23 of the FOURTH COUNT as if actually set forth herein.

24.   At all times herein alleged the plaintiff KENNETH MALCHISKY was married to the plaintiff RUTH ANN KROHN and was entitled to her love, society, and services.

25.   As a result of the defendant's acts and omissions as herein alleged, the plaintiff KENNETH MALCHISKY has been deprived of the love, society, and services of plaintiff RUTH ANN KROHN.

26.   The plaintiff KENNETH MALCHISKY has been damaged thereby.

**TENTH COUNT: KENNETH MALCHISKY: Loss of Consortium**

1.-18.   Plaintiff hereby repeats and realleges paragraphs 1 through 18 of the FIFTH COUNT as if actually set forth herein.

19.   At all times herein alleged the plaintiff KENNETH MALCHISKY was married to the plaintiff RUTH ANN KROHN and was entitled to her love, society, and services.

20.   As a result of the defendant's acts and omissions as herein alleged, the plaintiff KENNETH MALCHISKY has been deprived of the love, society, and services of plaintiff RUTH ANN KROHN.

21.   The plaintiff KENNETH MALCHISKY has been damaged thereby.

WHEREFORE, the Plaintiffs claim and demand:

1.   Monetary damages;
2.   Compensatory damages;
3.   Punitive damages;
4.   Attorneys fees;
5.   Costs; and
6.   Such other and further relief as this Court deems just and proper.

/s/ Patrick J. Filan
Patrick J. Filan
Law Offices of Patrick J. Filan, PC
One Eliot Place
Fairfield, CT 06824
(203) 221-8066
Juris No. 418411

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUTH ANN KROHN, and<br>KENNETH MALCYNSKY, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiffs | | |
| | : | |
| v. | : | |
| | : | |
| THE STOP & SHOP SUPERMARKET<br>COMPANY LLC, | | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | February 28, 2020 |

## **CERTIFICATE OF REASONABLE INQUIRY AND GOOD FAITH**

Pursuant to Connecticut General Statutes §§ 52-190(a) and 52-184(c), I hereby certify that I have made a reasonable inquiry, as permitted by the circumstances, to determine whether there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. This inquiry has given rise to a good faith belief on my part that grounds exist for an action against the defendant, THE STOP & SHOP SUPERMARKET. A written and signed opinion supporting the prior reasonable inquiry is annexed hereto.

                                        THE PLAINTIFFS

                              By:    /s/ Patrick J.Filan
                                     Patrick J. Filan